**Electronically Filed
Intermediate Court of Appeals
CAAP-13-0005699
17-DEC-2014
09:41 AM**

NO. CAAP-13-0005699

IN THE INTERMEDIATE COURT OF APPEALS

OF THE STATE OF HAWAI'I


STATE OF HAWAI'I, Plaintiff-Appellee, v.
MARCELL PORTER, Defendant-Appellee, v.
EXODUS BAIL BOND, Real Party in Interest-Appellant


APPEAL FROM THE CIRCUIT COURT OF THE FIRST CIRCUIT
(CRIMINAL NO. 12-1-0143)


SUMMARY DISPOSITION ORDER
(By:  Foley, Presiding J., Leonard and Reifurth, JJ.)

The instant appeal arises from the denial of a motion to set aside a bail forfeiture.  Real Party in Interest-Appellant, Exodus Bail Bond (**Exodus**), appeals from the October 28, 2013 "Findings of Fact, Conclusions of Law, and Order Denying Exodus Bail Bonds' Motion for [sic] to Set-Aside Bail Forfeiture" entered in the Circuit Court of the First Circuit[1] (**circuit court**).

Exodus contends the circuit court erred in:

(1) finding that Exodus' "Motion to Set-Aside Bail Forfeiture" was untimely;

(2) considering the representations made via teleconference by bail agent Angela Levy from U.S. Bail in New York; and

---

[1] The Honorable Randall K.O. Lee presided.

(3) finding that Plaintiff-Appellee State of Hawai'i (**State**) was not obligated to extradite Defendant-Appellee Marcell Porter (**Porter**) from New York to Hawai'i.

Upon careful review of the record and the briefs submitted by the parties and having given due consideration to the arguments advanced and the issues raised by the parties, as well as the relevant statutory and case law, we conclude that Exodus' appeal is without merit.

Exodus failed to establish good cause as to why the circuit court should set aside its May 2, 2013 "Judgment and Order of Forfeiture of Bail Bond."

Hawaii Revised Statutes (**HRS**) § 804-51 (Supp. 2013) provides, in pertinent part:

> Whenever the court, in any criminal cause, forfeits any bond or recognizance given in a criminal cause, the court shall immediately enter up judgment in favor of the State and against the principal or principals and surety or sureties on the bond, jointly and severally, for the full amount of the penalty thereof, and shall cause execution to issue thereon immediately after the expiration of thirty days from the date that notice is given via personal service or certified mail, return receipt requested, to the surety or sureties on the bond, of the entry of the judgment in favor of the State, unless before the expiration of thirty days from the date that notice is given to the surety or sureties on the bond of the entry of the judgment in favor of the State, a motion or application of the principal or principals, surety or sureties, or any of them, showing good cause why execution should not issue upon the judgment, is filed with the court. If the motion or application, after a hearing held thereon, is sustained, the court shall vacate the judgment of forfeiture and, if the principal surrenders or is surrendered pursuant to section 804-14 or section 804-41, return the bond or recognizance to the principal or surety, whoever shall have given it, less the amount of any cost, as established at the hearing, incurred by the State as a result of the nonappearance of the principal or other event on the basis of which the court forfeited the bond or recognizance. If the motion or application, after a hearing held thereon, is overruled, execution shall forthwith issue and shall not be stayed unless the order overruling the motion or application is appealed from as in the case of a final judgment.

(Emphases added.)

"[A]bsent good cause a surety's failure to surrender the defendant within the thirty-day search period provided by HRS § 804-51 mandates forfeiture of the bond." State v. Vaimili, 131 Hawai'i 9, 17; 313 .P.3d 698, 706 (2013). Good cause exists when a surety shows that it was "unable, through no fault of [its] own

2

or of the principal, to perform the conditions of the bond[.]" State v. Camara, 81 Hawai'i 324, 330, 916 P.2d 1225, 1231 (1996).

The circuit court did not err in denying Exodus' June 20, 2013 "Motion to Set-Aside Bail Forfeiture" because Exodus failed to surrender Porter and did not present any evidence of good cause in support of its motion.

The State had no obligation to extradite Porter. State v. Flores, 88 Hawai'i 126, 962 P.2d 1008 (App. 1998). Exodus' failure to demonstrate good cause makes its first and second points of error moot.

Therefore,

IT IS HEREBY ORDERED that the October 28, 2013 "Findings of Fact, Conclusions of Law, and Order Denying Exodus Bail Bonds' Motion for [sic] to Set-Aside Bail Forfeiture" entered in the Circuit Court of the First Circuit is affirmed.

DATED: Honolulu, Hawai'i, December 17, 2014.

On the briefs:

Anthony T. Fujii
for Real Party in Interest-
Appellant.

Brian R. Vincent
for Plaintiff-Appellee.

Presiding Judge

Associate Judge

Associate Judge